UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | |
|---|---|
| PATRICIA B. BRELSFORD as Parent and Natural Guardian of A.F., a Minor,<br><br>Plaintiff,<br><br>vs.<br><br>COLLETON COUNTY SCHOOL DISTRICT, TASHEENA ALLEN and SARAH PATENAUDE,<br><br>Defendants. | CASE NO.: 2:25-cv-12057-RMG<br><br>COMPLAINT<br>(JURY TRIAL REQUESTED) |

COMES NOW the Plaintiff, Patricia Brelsford as the mother and natural guardian for A.F., a minor, by and through her undersigned counsel, and hereby brings the following Complaint against Colleton County School District, Tasheena Allen, and Sarah Patenaude and alleges as follows:

**PARTIES**

1.     Plaintiff Patricia Brelsford is a resident and citizen of the State of South Carolina, County of Colleton and the mother and legal guardian of A.F., a minor, who has been duly appointed by the Court as Guardian ad Litem to represent and protect the rights of the minor Plaintiff.

2.     Plaintiff A.F. is a citizen and resident of Colleton County, South Carolina. A.F. resides with her mother, Patricia Brelsford, and at all times mentioned herein was a student enrolled at Cottageville Elementary School located within Colleton County School District. During the events detailed herein, A.F. was five (5) years of age.

1

3.     Defendant Colleton County School District is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended). At all times hereinafter mentioned in this Complaint, Defendant Colleton County School District owned, operated, and maintained Cottageville Elementary School, a public elementary school operating with the Colleton County School District. This Defendant acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

4.     Upon information and belief, Defendant Tasheena Allen is a resident of South Carolina and is an agent, servant and/or employee of Defendant Colleton County School District. Defendant Tasheena Allen's role as principal placed her in constant contact with A.F. and other minor children. For purposes of this action, Tasheena Allen is being sued in her individual capacity under the color of state law. Additionally, during the time-period in question, Tasheena Allen was well-aware of A.F.'s constitutional rights, including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

5.     Upon information and belief, Defendant Sarah Patenaude is a resident of South Carolina and is an agent, servant and/or employee of Defendant Colleton County School District. Defendant Tasheena Allen's role as the teacher placed her in constant contact with A.F. and other minor children. For purposes of this action, Sarah Patenaude is being sued in her individual capacity under the color of state law. Additionally, during the time-period in question, Sarah Patenaude was well-aware of A.F.'s constitutional rights, including her right to due process, to the

possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

## JURISDICTION AND VENUE

6. This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and statutes of the United States; and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

7. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. At all times relevant hereto, A.F. was in kindergarten at Cottageville Elementary School, a public elementary school operating within the Colleton County School District. A.F. was five (5) years of age during the time period set forth in the Complaint.

9. During the course of her kindergarten year, A.F. was physically assaulted by Sarah Patenaude on three (3) occasions. Upon information and belief, the assault by Sarah Patenaude constituted an act of negligence and gross negligence against Defendants.

10. Upon information and belief, A.F. was physically assaulted by Sarah Patenaude on three (3) separate occasions: September 24, 2022, November 18, 2022, and May 24, 2023. All physical assaults took place inside Sarah Patenaude's classroom at Cottageville Elementary School.

11. On or around September 24, 2022, November 18, 2022, and May 24, 2023, a Cottageville Elementary School teacher reported the assaults to a school administrator. Upon

3

information and belief, this information was forwarded to the principal of Cottageville Elementary School.

12. On May 24, 2023, A.F. received medical treatment at the Medical University of South Carolina (MUSC) due to injuries sustained at Cottageville Elementary School. On June 15, 2023, A.F. received a forensic interview at Hopeful Horizons. During the interview, A.F. endorsed and demonstrated physical abuse by Sarah Patenaude at Cottageville Elementary School. After the assessment, A.F. was admitted to LifeStance Health as it was determined that her increasing anxiety was causing impairment to her daily functioning.

13. Upon information and belief, Defendants possessed actual knowledge of Sarah Patenaude's inappropriate actions on at least three (3) separate occasions, yet failed to take any action against Sarah Patenaude, allowing her to continue to foster inappropriate actions and/or propensity to harm minor students, including the Plaintiff, under the guise of Colleton County School District.

14. As a direct result of the above actions of the Defendants, Plaintiffs have been injured and damaged in that A.F. has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to physical assault and physical and psychological injuries; has endured and will endure mental anguish and emotional distress; and will incur medical bills in the future; and has been deprived of the enjoyment of her life.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT COLLETON COUNTY SCHOOL DISTRICT
(Negligence/Gross Negligence)

15. The above set forth facts are made part of this First Cause of Action through incorporation by reference.

16. Defendant Colleton County School District was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, school resource officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

17. The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant Colleton County School District in the following particulars:

   a. In failing to exercise care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

   b. In failing to exercise care to properly train and/or supervise its personnel, agents, officers, and/or employees;

   c. In failing to exercise care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its teachers;

   d. In failing to exercise care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

   e. In failing to exercise care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and/or teachers and prevent the same from occurring;

   f. In failing to exercise care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

   g. In failing to exercise care to take appropriate time to follow-up, review and/or check compliance with policy, state law and/or existing orders;

h. In failing to exercise care to take steps necessary to remove, fire and/or terminate the services of staff and/or personnel, including Sarah Patenaude, when it had actual and/or constructive notice of her propensities;

i. In failing to exercise care to properly supervise Sarah Patenaude;

j. In failing to protect the Plaintiff and other students from Sarah Patenaude, when they knew or should have know of her propensities;

k. In failing to exercise care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of Sarah Patenaude when it had notice of her propensities of physical harm with students;

l. In conducting itself in an egregious and arbitrary manner;

m. In breaching its fiduciary duty of trust with regard to Plaintiff;

n. In failing to follow and adhere to the local state and national standards and laws regarding the reporting of complaints of assaults on minors;

o. In failing to report inappropriate, abusive behavior to the appropriate legal authorities;

p. In failing to follow and adhere to the policies and procedures of the Colleton County School District;

q. In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the Colleton County School District;

r. In failing to sufficiently monitor and supervise employees of the Colleton County School District;

s. In creating a campus environment which subjected Plaintiff to being physical abused by Sarah Patenaude;

t.  In failing to have the appropriate policies and procedures in place to provide adequate supervision;

u.  In abdicating its responsibility to provide a safe school environment;

v.  In failing to remedy the improper conduct and actions of its employees; and

w.  In failing to exercise care to protection Plaintiff from harm.

18. The injuries suffered by Plaintiff at the hands of Defendant Colleton County School District caused and continues to cause her damages to include and not be limited to medical expense, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to actual and consequential damages.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT SARAH PATENAUDE
### (Violation of Federal Civil 42 U.S.C. 1983- Violation of Due Process - 14th Amendment)

20. The above set forth facts are made part of this Second Cause of Action through incorporation by reference.

21. During the time-period in question, Sarah Patenaude was acting under the color or pretense of State law, customs, practices, usage or policy as a teacher of Cottageville Elementary School, a public elementary school operating with the Colleton County School District and had certain duties imposed upon her with regard to Plaintiff. Additionally, during the time-period in question, Sarah Patenaude was well-aware of Plaintiff's constitutional rights; including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

22. The courts have consistently recognized the right against "unjustified intrusions on personal security" at the hands of the state to be one of the "historic liberties" protected by the Due Process Clause. <u>Ingraham v. Wright</u>, 430 U.S. 651 (1977). The above set forth facts show that Sarah

Patenaude assaulted Plaintiff, a minor child, while inside of Cottageville Elementary School, a public elementary school operating within the Colleton County School District where she was employed as a teacher.

23.  Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the intentional, reckless, willful and wanton acts of Sarah Patenaude.

24.  As a direct result of the above actions of Defendant Patenaude, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of actual, consequential, punitive damages, costs and reasonable attorney fees.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT TASHEENA ALLEN
### (Violation of Federal Civil 42 U.S.C. 1983- Supervisory Liability)

25.  Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

26.  During the time-period in question, Tasheena Allen was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein as supervisor and principal with Cottageville Elementary School, a public elementary school operating within the Colleton County School District and had certain duties imposed upon her with regard to Plaintiff. Additionally, during the time-period in question, Tasheena Allen was well-aware of Plaintiff's constitutional rights, including her right to due process, her liberty interest,

and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment.

27. Upon information and belief, Tasheena Allen possessed actual and/constructive knowledge of Sarah Patenaude's inappropriate actions and communications towards Plaintiff, yet took no action to terminate her or prevent her continued interaction with minor students of Cottageville Elementary School.

28. Tasheena Allen, as Sarah Patenaude's supervisor and principal, possessed the power to prevent the actions of Sarah Patenaude. Despite Tasheena Allen's knowledge that Sarah Patenaude's actions violated Plaintiff's constitutional rights, including her right to due process, her liberty interest, and her right to be free of unjustified intrusions on personal security as protected by the Fourteenth Amendment, Plaintiff alleges Tasheena Allen authorized Sarah Patenaude's actions by consciously and intentionally failing to act or intervene.

29. All of the above-referenced failures are the responsibility of Tasheena Allen who was deliberately indifferent to her responsibility to train, supervise, and discipline the teachers of Cottageville Elementary School, a public elementary school operating within the Colleton County School District, including Sarah Patenaude, who interacted daily with the public and more specifically, minor students at Cottageville Elementary School.

30. As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Tasheena Allen, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical

bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of actual, consequential, punitive damages, costs and reasonable attorney fees.

### FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COLLETON COUNTY SCHOOL DISTRICT
**(Violation of Title IX and Education Amendments of 1972)**

31.     The above set forth facts are made part of this Fourth Cause of Action through incorporation by reference.

32.     Defendant Colleton County School District was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing teachers, administrators, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

33.     Title IX of the Education Amendments of 1972 applies to an entire school or institution if any part of that school receives federal funds. Upon information and belief, Title IX applies to Colleton County School District as it receives a wide variety of federal funding and grants.

35.     Both the Department of Education and the Department of Justice have promulgated regulations under Title IX that require a school to "adopt and publish grievance procedures providing for the *prompt and equitable resolution* of student... complaints alleging any action which would be prohibited by" Title IX or regulations thereunder. 34 C.F.R. § 106.8(b).

36.     Upon information and belief, Plaintiff's reports of abuse by Sarah Patenaude violated Title IX of the Education Amendments of 1972 [Title IX], codified at 20 U.S.C. § 1681 et seq. and Title 34 Code of Federal Regulations Part 106.

39.     Title IX requires schools to designate at least one employee to coordinate compliance with the regulations implementing Title IX. Upon information and belief, despite

multiple reports to the administrators at Cottageville Elementary School, a public elementary school operating within the Colleton County School District, the reports of assault were actively ignored instead of being investigated by the Title IX compliance officer, thereby allowing her to continue to abuse Plaintiff, under the guise of Tasheena Allen and Colleton County School District.

40. Title IX requires if a school district knows, or even reasonably should have known, of harassment or assault, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence. Upon information and belief, as a result of the assaults being concealed instead of properly investigated, Sarah Patenaude remained as a schoolteacher at Cottageville Elementary School thereby subjecting A.F. to a hostile learning environment.

41. As the direct and proximate result of the above-mentioned unconstitutional actions of Defendant Colleton County School District, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to physical and psychological injury; has endured and will endure mental anguish and emotional distress; and by definition seeks to protect other individuals from the possibility of abuse. As eliminating known discrimination, whether it be in the form of harassment or abuse, prevents the future harassment of other individuals.

**FOR A FIFTH CUASE OF ACTION AGAINST
DEFENDANT COLLETON COUNTY SCHOOL DISTRICT
(Negligent Hiring, Supervision, and Retention)**

42. The above set forth facts are made part of this Fifth Cause of Action through incorporation by reference.

43. Defendant Colleton County School District had a duty to use reasonable care to select an employee, agent, principal and/or teacher who was competent and fit to perform the duties required as an employee. Defendant owed such a duty to Plaintiff and such duty was breached.

44. Defendant knew that Sarah Patenaude's position as a teacher at Cottageville Elementary School placed her in constant contact with Plaintiff and other minor students.

45. Defendant knew, or should have known, that Sarah Patenaude was physical assaulting Plaintiff.

46. Defendant Colleton County School District failed to take the steps necessary to remove, fire and/or terminate the services of Sarah Patenaude, when they had actual and/or constructive notice of Sarah Patenaude's actions.

47. Defendant Colleton County School District failed to provide Plaintiff with proper protection from abuse (physical and mental) at the hands of its employees, agents, and/or teachers when it had notice of Sarah Patenaude's actions of inappropriate and/or abusive behavior.

48. The injuries suffered by Plaintiff at the hands of Defendant Colleton County School District caused and continues to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to actual and consequential damages.

## FOR A SIXTH CAUSE OF ACTION AGAINST
## DEFENDANT COLLETON COUNTY SCHOOL DISTRICT
### (Breach of Fiduciary Duty)

49. The above set forth facts are made party of this Sixth Cause of Action through incorporation by reference.

50. As a direct consequence of A.F.'s enrollment at Cottageville Elementary School, A.F. entered into a special and confidential relationship with Defendant. This relationship arose

from the distinct custodial care of A.F. whereby Defendant undertook the obligation, mandated and enforced under South Carolina and Federal law, to provide for the custodial well-being of A.F. to protect her from physical assault and constitutional violations, to exercise the degree of custodial care that a reasonable person in a like position would exercise in connection with her custodial care and safety, to monitor and appropriately respond to reports of physical assault.

51. By virtue of the aforementioned relationship that existed between Defendant and A.F., and the trust and confidence that reasonably and necessarily was reposed by A.F. and her family in the integrity and fidelity of Defendant, Defendant owed to A.F. fiduciary duties to honor and implement her custodial care needs, to avoid any actions which would endanger her health or safety, and to disclose to her and her family members the facts concerning their unwillingness to comply with regulatory requirements for her custodial care as alleged above. These fiduciary duties included but were not limited to the following:

a. the duty to provide necessary protection to A.F. while in the care and custody of the Defendant;

b. the duty to use the utmost care and caution in safekeeping A.F. with whom they had a fiduciary relationship;

c. the duty to properly monitor A.F. while in the Defendant's care and custody; and

d. the duty to properly train and/or supervise its personnel, agents, and/or employees so as to insure A.F.was provided with care and protection while at Cottageville Elementary School.

52. The injuries suffered by Plaintiff at the hands of Defendant Colleton County School District caused and continues to cause her damages to include and not be limited to

medical expenses, permanent impairment, mental anguish, and pain and suffering.

Therefore, Plaintiff is entitled to actual and consequential damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally or in the alternative for damages in such sums as may fully, fairly, and justly compensate Plaintiff for the injuries sustained, together with actual damages and as such punitive damages as are allowed and appropriate, costs and reasonable attorney fees, along with such other relief as the Court or jury determines appropriate, just and proper under the circumstances.

By: s/Gedney M. Howe, IV
Gedney M. Howe, IV (Federal Bar No. 13339)
Michael A. Monastra (Federal Bar No. 13587)
GEDNEY M. HOWE, III, PA
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140
Email: Gedney4@gedneyhowe.com
Email: Mmonastra@gedneyhowe.com

Attorneys for Plaintiff

September 3, 2025
Charleston, South Carolina